[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13207
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cr-00125-MMH-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

FRANK FREITAS HIGGINBOTHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 7, 2014)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

After a jury trial, Frank Higginbotham appeals his conviction for conspiracy to manufacture five or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846.  On appeal, Higginbotham argues that the district court erred in denying his motion for a judgment of acquittal.  Higginbotham contends that the trial evidence was insufficient to find beyond a reasonable doubt that a conspiratorial agreement existed between him and any other person.  After review, we affirm.

We review the denial of a motion for a judgment of acquittal and the sufficiency of the evidence de novo.  United States v. Hunt, 526 F.3d 739, 744 (11th Cir. 2008).  The standard is the same whether the evidence is direct or circumstantial.  United States v. Utter, 97 F.3d 509, 512 (11th Cir. 1996).  Under Federal Rule of Criminal Procedure 29(a), the district court, "on the defendant's motion[,] must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  We will affirm the conviction "if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Hunt, 526 F.3d at 745.

Under 21 U.S.C. § 841(a), it is unlawful for a person "knowingly or intentionally . . . to manufacture . . . a controlled substance," such as methamphetamine.  21 U.S.C. § 841(a)(1).  To obtain a conspiracy conviction, the

government must prove: (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means, in this case, to manufacture methamphetamine. See United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). "[T]he government need not demonstrate the existence of a formal agreement, but may instead demonstrate by circumstantial evidence a meeting of the minds to commit an unlawful act." United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998) (quotation marks and citation omitted).

To prove participation in a conspiracy, the government must have proven beyond a reasonable doubt that a conspiracy existed and that the defendant knowingly and voluntarily joined the conspiracy. Garcia, 405 F.3d at 1269. The government does not need to prove that the defendant knew all of the details or participated in every aspect of the conspiracy, but must prove that the defendant "knew the essential nature of the conspiracy." Id. at 1269-70 (quotation marks omitted). Whether the defendant "knowingly volunteered to join the conspiracy may be proven by direct or circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." Id. at 1270.

Here, the district court did not err in denying Higginbotham's motion for a judgment of acquittal because there was ample circumstantial evidence that

Higginbotham conspired with several other people to manufacture methamphetamine. Specifically, Jennifer Woodruff testified that Higginbotham was one of a group of people who manufactured methamphetamine in the back bedroom of a house in St. Augustine, Florida and that the group shared equipment and supplies. In addition, Woodruff testified that she supplied Higginbotham with pseudoephedrine pills that he used to manufacture methamphetamine. Woodruff explained that she bought pills for Higginbotham because a person is restricted to buying only three boxes of pills per month and must show identification at the pharmacy. In exchange for providing the pills, Woodruff received a portion of the methamphetamine Higginbotham made. Woodruff also drove other people to the pharmacy to purchase pseudoephedrine pills for Higginbotham, and she sometimes delivered the pseudoephedrine pills that these individuals obtained to Higginbotham.

Anna Marie Buell testified that she, like Woodruff, gave Higginbotham pseudoephedrine pills in exchange for receiving methamphetamine from Higginbotham. In addition, Buell said that Higginbotham and his girlfriend, Heather Kelly, cooked methamphetamine at Buell's home in Hastings, Florida. Higginbotham and Kelly shared supplies and equipment with Buell and her boyfriend, who also cooked methamphetamine in the home.

This evidence, viewed in the light most favorable to the prosecution, amply supports a jury finding beyond a reasonable doubt that Higginbotham agreed to manufacture methamphetamine with multiple individuals, including Woodruff, Buell, and Kelly, among others.  To the extent Higginbotham challenges the credibility of Woodruff's and Buell's testimony, credibility determinations are the province of the jury and must be accepted unless the testimony was incredible as a matter of law.  See United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997).  The jury in this case clearly found both witnesses credible, and Higginbotham has not shown that their testimony is incredible as a matter of law. Accordingly, the district court did not err in denying Higginbotham's Rule 29(a) motion for a judgment of acquittal.

**AFFIRMED.**